UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MACCO PROPERTIES, INC.,** | ) | Case No. 10-16682-R |
| | ) | Chapter 7 |
| | ) | |
| **NV BROOKS APARTMENTS, LLC,** | ) | Case No. 10-16503-R |
| | ) | Chapter 7 |
| Debtors. | ) | (Jointly Administered) |

| | | |
|---|---|---|
| **MICHAEL E. DEEBA, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 13-1029-R |
| | ) | |
| **LEW S. McGINNIS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **COBBLESTONE APARTMENTS** | ) | |
| **OF TULSA, LLC; LARRY D. AND** | ) | |
| **JEANETTE A. JAMISON FAMILY** | ) | |
| **TRUST; AND JACKIE L. HILL, JR.,** | ) | |
| | ) | |
| Intervenors. | ) | |

## ORDER DENYING JOINT MOTION FOR DISMISSAL WITH PREJUDICE

Before the Court is the Joint Motion for Dismissal with Prejudice and Notice of Opportunity for Hearing filed jointly by Plaintiff Michael E. Deeba, Trustee ("Trustee") and Defendant Lew S. McGinnis ("McGinnis") (Adv. Doc. 11) ("Joint Motion to Dismiss"); the Objection of United States Trustee ["UST"] to Joint Motion to Dismiss Adversary Proceeding (Adv. Doc. 12); the Objection of Cobblestone Apartments of Tulsa, LLC, et al. ["Cobblestone"] to Joint Motions for Dismissal with Prejudice (Adv. Doc. 15); and the

Objection of Jackie Hill ["Hill"] to Joint Motions for Dismissal with Prejudice (Adv. Doc. 16). An evidentiary hearing was held on November 13, 2015, after which the Court took the matter under advisement.

**JURISDICTION**

The Court has jurisdiction over this "core" proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1) and 157(b)(2)(E), and Rule 81.4(a) of Local Civil Rules of the United States District Court for the Western District of Oklahoma.

**PROCEDURAL HISTORY**

On November 2, 2010, Macco Properties, Inc. ("Macco") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. McGinnis, as Macco's president, assumed the duties and responsibilities of the debtor-in-possession. On May 31, 2011, the bankruptcy court approved the appointment of Trustee as Chapter 11 Trustee of the Macco bankruptcy estate.

In 2013, Trustee commenced this adversary proceeding to recover $192,461.92 that McGinnis allegedly converted while acting as representative of the debtor in possession, and to recover lost profits and other damages resulting from that alleged breach of fiduciary duty (the "Conversion Claim"). McGinnis denies the allegations.

In December 2013, Trustee agreed to dismiss this adversary proceeding as part of a comprehensive settlement Trustee and others entered into with McGinnis and his wife, Macco's sole shareholder, Jennifer Price ("Price") (the "Settlement"). On December 16, 2013, the Court entered an order that documented the terms of the Settlement, including the

agreement that the Macco bankruptcy case would be converted to a case under Chapter 7 of the Bankruptcy Code. With respect to dismissal of this and other adversary proceedings, the order provided that "[m]otions will be filed, with Notice of Opportunity for Hearing, requesting dismissal with prejudice, based on the execution of the Mutual Releases and the language therein." Main Case Doc. 1909 at 2.

In compliance with the order and Settlement, in March 2014, Trustee (now the Chapter 7 trustee) and McGinnis filed the Joint Motion to Dismiss. In the motion, Trustee recites that he "agreed to the Mutual Releases and Dismissal With Prejudice of all Adversaries for the reason that the Chapter 7 Trustee believed at the time that there were sufficient funds on hand to pay all allowed unsecured creditors and as a result, it was not cost efficient to continue to prosecute this Adversary." Joint Motion to Dismiss, ¶ 4. The UST, Cobblestone, and Hill filed objections to the Joint Motion to Dismiss, pointing out that litigation commenced by Price and McGinnis against Trustee and other estate professionals *after* the Settlement was reached was likely to cause administrative expense claims to snowball to the extent that full payment to unsecured creditors would no longer be achievable.[1] In setting this matter for hearing, the Court advised the parties that it would review the agreement to dismiss the proceeding under the standards set forth in In re Kopexa Realty Venture Co., 213 B.R. 1020 (B.A.P. 10th Cir. 1997) to determine whether the agreement is fair, equitable, and in the best interests of the estate.

---

[1]Cobblestone and Hill, as unsecured creditors, intervened in this proceeding for the sole purpose of opposing dismissal.

3

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Conversion Claim is property of the Macco bankruptcy estate, and Trustee's agreement to voluntarily dismiss the claim as part of a comprehensive settlement is subject to this Court's scrutiny under <u>Reiss v. Hagmann</u>, 881 F.2d 890 (10th Cir. 1989); <u>In re Kopexa Realty Venture Co.</u>, 213 B.R. 1020 (B.A.P. 10th Cir. 1997); and Bankruptcy Rule 9019(a). The decision to approve a settlement "must be an informed one based upon an objective evaluation of developed facts." <u>Reiss</u>, 881 F.2d at 892. In determining whether the agreement is fair and equitable and in the best interests of the estate, "it is appropriate for the court to consider the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expense of the litigation, and the interests of creditors in deference to their reasonable views." <u>Kopexa</u>, 213 B.R. at 1022.

Based upon the evidence presented through testimony and exhibits, the arguments of counsel, and applicable law, the Court concludes that the Joint Motion to Dismiss should be denied.

    **A.**    **Probable success on the merits**.

Trustee credibly testified that he had thoroughly reviewed and analyzed documents related to the Conversion Claim before filing the complaint, and was confident that he could establish the elements with documentary evidence and prevail on a motion for summary judgment. McGinnis did not present any evidence that suggested otherwise. The Court therefore finds that, at this time, the developed facts support a finding that there is a reasonable probability that Trustee will succeed on the merits of the Conversion Claim.

### B. Possible difficulty in collecting a judgment.

McGinnis contends that Trustee will not be able to collect any judgment against him, pleading poverty. McGinnis's counsel provided anecdotal testimony in support of her impression that McGinnis and Price were broke, and relied upon their unsworn verbal representations. McGinnis did not appear at the hearing to testify as to his financial status or provide any documented or objective evidence to support a finding that a judgment against him would not be collectible.

Trustee credibly testified that Price and McGinnis have had steady access to funds when necessary to purchase claims and settle judgments, and the record in the main bankruptcy case establishes the same. Price and McGinnis continue to pay lawyers to aggressively litigate claims against Trustee and his professionals, and to pursue eleven appeals. McGinnis's counsel testified that she is paid by a limited liability company, rather than Price or McGinnis, but the salient fact is that Price and McGinnis have access to large sums of money and there is no credible evidence in the record that establishes that they are destitute.

Accordingly, at this point, the Court is not convinced that a judgment on the Conversion Claim would be uncollectable.

### C. Complexity and expense of the litigation.

Trustee has pled simple conversion and breach of fiduciary duty claims. Trustee has already extensively analyzed the strength of the claims, and already possesses documentary

evidence. Discovery and witness preparation should be minimal and Trustee does not anticipate the involvement of any experts.

McGinnis's counsel argued that the projected cost to the estate of litigating this claim outweighs any possible benefit to the estate, citing McGinnis's uncooperative, litigious nature and a propensity for "fighting tooth and nail" against Trustee. Counsel for McGinnis questioned Trustee's judgment in suing McGinnis, and implied that Trustee had a duty to recommend dismissal of the adversary proceeding to preserve the estate. "The people that have caused horrendous litigation, extreme expense, delay, difficulty, and you . . . think they are not going to fight you tooth and nail over these adversaries if the Court doesn't dismiss them?" Transcript of 11/13/15 hearing, Main Case Doc. 2542 at 105. No legal or factual basis was presented at the hearing to *justify* extensive and expensive litigation of the Conversion Claim, however. The four-page complaint and two-page answer reveal few contested facts, and the claims are based upon clearly established legal principles. Parties *acting in good faith* should be able to complete discovery, file and respond to dispositive motions, and prepare for trial, if necessary, in a relatively short time frame.

Trustee testified that he intends to negotiate a blended fee arrangement with counsel in order to limit and control the cost of litigation, and Trustee reasonably believes the matter can be resolved expeditiously and inexpensively on summary judgment.

The Court concludes that, at this time, the matter appears to be an uncomplicated claim to recover alleged estate funds from a former fiduciary which should not require an extensive investment of professional time or estate assets.

**D.     Interests of creditors in deference to their reasonable views**.

Cobblestone, the largest unsecured creditor of Macco, is owed in excess of $150,000.00. Hill, the smallest unsecured creditor, holds a claim of approximately $100.00. Both creditors object to dismissal of this adversary proceedings because their claims likely will not be paid unless Trustee liquidates the estate's remaining assets, *i.e.*, claims asserted in this and other adversary proceedings. Their view is reasonable in light of the current financial condition of the estate.

In December 2013, it appeared that the Settlement would pave the way for an expedited and uncomplicated completion of the Chapter 11 case. In his final application for compensation in the Chapter 11 case, Trustee offered to accept approximately $82,000.00, which was the remainder of his unpaid fee if he were compensated on an hourly basis to that date. However, he reserved the right to request payment of the full commission on distributions to which he was entitled under 11 U.S.C. § 326(a) if circumstances required him to expend significantly more time and effort administering the case. Price and McGinnis objected to allowance of the $82,000.00 request. In addition, Price and McGinnis sought disallowance of interim compensation already paid to Trustee, and they asserted various tort claims, both in the objection to Trustee's compensation request and in a stand-alone lawsuit commenced in the District Court. Price and McGinnis's aggressive but ultimately fruitless post-Settlement pursuit of claims against Trustee (and against his counsel, financial advisor, and management professionals) required Trustee to invest substantial time and resources over a period of more than two years. Trustee amended his Chapter 11 application to request the

commission to which he was otherwise entitled under § 326(a).  The Chapter 11 administrative claims of the Trustee's professionals also ballooned as a result of the post-Settlement litigation pursued by Price and McGinnis.

In December 2013, when the parties agreed that the adversary proceedings could be dismissed, the estate's coffers contained enough cash to pay all projected administrative expenses and all unsecured creditors with interest, leaving hundreds of thousands of dollars to return to Price as Macco's sole shareholder.  As of September 17, 2015, however, the estate's liquid assets totaled $989,915.00 while its unpaid allowed administrative expenses reached $1,011,622.18.  See Trustee Exhibit 1. The estate has incurred substantial additional expenses that have not yet been applied for.  Id.  And as of the date of this order, the estate continues to incur professional fees to, among other things, defend eight appeals recently filed by Price and McGinnis.  The Court finds that the estate is indisputably underwater, and the unsecured and administrative claims – allowed, accrued, and accruing – have no chance of being satisfied if the claims asserted in this and other adversary proceedings are dismissed.

**CONCLUSION**

The Court concludes that the agreement to dismiss the adversary proceeding is not fair, equitable, or in the best interests of the estate.  Dismissal of the Conversion Claim would benefit only McGinnis, and would unfairly prejudice unsecured and administrative expense claimants.  Accordingly, the Joint Motion to Dismiss is denied.

**SO ORDERED** this 21st day of December, 2015.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

8